UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MARINKA PESCHMANN,

        Plaintiff,

-against-

BLOGTALKRADIO, INC.; CINCHCAST, INC.;
STEPHEN QUAYLE; DOUGLAS HAGMANN
and DOES 1-20,

        Defendants.

-----------------------------------------------------------x

**FIRST AMENDED COMPLAINT**
**JURY TRIAL DEMAND**

Civil Action No.: 15-CV-09504-PGG

Action Removed:

SUPREME COURT OF THE
STATE OF NEW YORK, AND
NEW YORK COUNTY
INDEX NO. 161509/2015

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/15/16

RECEIVED
SDNY PRO SE OFFICE
2016 JAN 15 AM 8:27

INDEX

SUMMARY OF THE ACTION.................................................................................................1

PARTIES ....................................................................................................................................1

JURISDICTION AND VENUE..................................................................................................5

FACTUAL BACKGROUND......................................................................................................7

I.   Exploitation, and misrepresentations that led to the False NSA targeting allegation..........7

      False claims of imminent marital law based on purported Government Agency
      Insider/Employee (DHS) ....................................................................................................11

II.  February 10, 2015 Defamatory *per se* Radio Broadcast......................................................17

      February 10, 2015 Libel *per se* Joint Statement.................................................................17

      1.   The Fake well-Coordinated and Malicious Campaign of Slander and Libel
           Against Hagmann and Quayle ..................................................................... 20

      2.   Threatening, Intimidating, Violence Inciting Elements ........................... 23

      3.   Using High Profile Purported Christian Media Personalities in Mainstream
           and Alternative Media in a "Circle of Trust" As Fake Witnesses Against
           the Plaintiff ..................................................................................................27

III.  Defamed and Intimidated the Plaintiff prior to and after the February 10, 2015 Radio
      Broadcast and Joint Statement ..........................................................................................37

      List of Defamatory *Per Se* Statements............................................................................ 40

IV. BlogTalkRadio and Cinchcast..................................................................................................42

FIRST CAUSE OF ACTION Defamation/Slander/Libel *per se* Against Quayle and Hagmann .47

SECOND CAUSE OF ACTION Fraudulent Misrepresentation Against Hagmann ...........................50

THIRD CAUSE OF ACTION Infliction of Intentional Emotional Distress Against Quayle and Hagmann ........................................................................................................................................52

FOURTH CAUSE OF ACTION Equitable Estoppel Against Quayle and Hagmann ..........................55

FIFTH CAUSE OF ACTION Injurious Falsehood Against Quayle and Hagmann ...........................57

SIXTH CAUSE OF ACTION Civil Conspiracy Against Quayle and Hagmann ................................58

SEVENTH CAUSE OF ACTION Aiding and Abetting Against Quayle and Hagmann ....................60

EIGHTH CAUSE OF ACTION Unjust Enrichment Against Quayle and Hagmann ........................60

NINTH CAUSE OF ACTION Prima Tort Against BlogTalkRadio and Cinchcast............................64

TENTH CAUSE OF ACTION Fraudulent Misrepresentation Against BlogTalkRadio and Cinchcast....................................................................................................................................67

ELEVENTH CAUSE OF ACTION Fraudulent Negligence Against BlogTalkRadio and Cinchcast ....................................................................................................................................68

TWELFTH CAUSE OF ACTION Equitable Estoppel and Promissory Estoppel Against BlogTalkRadio and Cinchcast ....................................................................................................69

THIRTEENTH CAUSE OF ACTION Vicarious Liability Against BlogTalkRadio and Cinchcast ....................................................................................................................................71

PRAYER FOR RELIEF..................................................................................................................71

## SUMMARY

The Plaintiff, Marinka Peschmann, brings this action to seek redress, damages, and equitable relief for the unlawful conduct by the Defendants. The Action stems from when Plaintiff, in her capacity as a journalist, acted as a journalist, and corrected false allegations made by certain Defendants' individuals, media personalities, and purported Christian truth tellers, against United States government agencies, in the Alternative Media on BlogTalkRadio's *The Hagmann and Hagmann Report* radio program, and elsewhere. Certain Defendants, who are individuals, and corporations, committed acts which violated primary rights of Plaintiff by, in part, publishing, broadcasting, transmitting, and continuing to transmit on their global network oral defamatory *per se*, threatening, and violence inciting utterances injuring the Plaintiff. Acts being committed in New York and in the State of New York. Furthermore, certain Defendants, the individuals published defamatory material in written form embodied in a writing called Setting the Record Straight: Joint Response Addressing the Character Assassinations Underway. Individually and severally these individuals and corporations tortious conduct, have damaged and injured the Plaintiff.

Plaintiff for her claims against the Defendants respectfully shows and alleges as follows:

## THE PARTIES

1. Plaintiff Marinka Peschmann ("Plaintiff") is an individual Canadian citizen. Plaintiff has been a United Nations correspondent in New York City, and covered U.S. Presidential elections. Plaintiff is an author, collaborator, ghostwriter, and freelance investigative journalist. The Plaintiff has worked with and covered high profile, often notorious, and controversial public figures, from celebrities to true crime and politics, and she has ghostwritten books and film treatments for other individuals.

1

2. Upon information and belief, Defendant Stephen Quayle, also known as Steve Quayle ("Quayle"), resides at 385 Westlake Park Blvd, Bozeman, Montana, 59718. Quayle is an internationally known radio talk show media personality, a purported apologist of Christianity, and a self-described Christian "watchman." After hosting his own show for over twenty years, Quayle remains a regular guest on other radio shows with worldwide audiences, including, but not limited to, the *Hagmann and Hagmann Report* (H&H Report) on BlogTalkRadio Network ("BTR"), Alex Jones, *Infowars*, George Noory's *Coast to Coast*, Rick Wiles' *Trunews*, and John B Wells' *Caravan to Midnight*. Quayle has authored a number of books on esoteric topics including, Xenogenesis: Changing Men Into Monsters. Quayle is also a businessman, proprietor and operator of stevequayle.com (http://www.stevequayle.com); Renaissance Metals, (http://www.sqmetals.com/), located at 315 Edelweiss Drive, Bozeman, MT, 59718; SafeTrek (http://www.safetrek.com/); Genesis6giants.com (www.genesis6giants.com); and the film production company GenSix Productions (http://www.stevequayle.com/index.php?s=617), where, via interstate and international commerce, Quayle sold and continues to sell precious metals, books and other prepper doomsday survival gear for over thirty years, inside and outside of New York State.

3. Upon information and belief, Defendant Douglas Hagmann, also known as Doug Hagmann ("Hagmann"), is a Pennsylvania resident who resides at 4709 Colonia Avenue, Erie, Pennsylvania, 16506. He is a media personality, and the co-host of BTR's H&H Report radio show. Hagmann appears on international radio shows, including, but not limited to, Alex Jones, *Infowars*, Rick Wiles' *Trunews*, George Noory's *Coast to Coast*, and John B Wells' *Caravan to Midnight*. Hagmann has been a licensed private investigator in the State of New York and Pennsylvania for over 30 years, and he is the owner, operator and president of Hagmann

2

Investigative Services, Inc., that is located at 5148 Peach Street, Erie, Pennsylvania, 16509, of Hagmann and Hagmann Christian Marketplace (http://www.hagmannmarketplace.com/), the Northeast Intelligence Network (http://www.homelandsecurityus.com/), and additionally operates the website, http://www.hagmannandhagmann.com/. Upon information and belief, the H&H Report is a subsidiary of Hagmann Investigative Services, Inc.

4. A purported apologist for Christianity, Hagmann has represented himself in different terms, including, but not limited to, as an investigative journalist, a private investigator, and a Christian "watchman." He is the senior columnist at *Canada Free Press ("CFP")*, an online newspaper-media outlet with a worldwide readership that publishes columnists inside and outside of New York State, and elsewhere, that reports predominately on U.S. news events, (http://canadafreepress.com/). Hagmann authored the book, Tactical Surveillance: The Investigator's Bible, an Investigator's Guide to Conducting Surveillance Operations.

5. Upon information and belief, Defendant BlogTalkRadio, Inc. ("BTR") is a privately owned media corporation, New York State based, global network. A Delaware Foreign Business Corporations, BTR is also incorporated and headquartered in New York City with its principal place of business located at 25 Broadway, 9th Fl, New York, NY, 10004, and was co-founded and managed by Alan Levy ("Levy") and Bob Charish ("Charish"). BTR is registered in regulatory filings with the New York State Department of State division of Corporations, State records and UCC.

6. Upon information and belief, BTR conducts business in New York State, and creates, publishes, distributes, controls, monitors, syndicates, and transmits radio audio content and podcasts, including but not limited to H&H Report, inside and outside of New York State,

throughout the United States, Canada and the world, as the largest talk radio and social media platform in the world.

7. Upon information and belief, Defendant Cinchcast, Inc., an apparent subsidiary of Cinchcast Newco Inc., and Cinchcast Holdco, Inc. ("Cinchcast") is a privately owned corporation, and New York based global communication network, also co-founded and managed by Levy and Charish. As Delaware Foreign Business Corporations, Cinchcast is incorporated and headquartered in New York, with its principal place of business located at 71 Broadway, Level 2, #341, New York, New York, 10004. Cinchcast is registered in regulatory filings with the New York State Department of State division of Corporations, State records and UCC.

8. Upon information and belief, there are three Cinchcast(s) incorporated by the same individual(s): Cinchcast, Inc., Cinchcast Newco, Inc. in New York State and in Delaware, and Cinchcast Holdco, Inc. that is incorporated in Delaware.

9. Upon information and belief, BTR and Cinchcast are intertwined. At different times Cinchcast has been publicly represented to be the "parent company of BlogTalkRadio," and or its "white-label" "sister firm." BTR has also been represented as being a part of Cinchcast. As a co-founder of both corporations has stated, "[BTR] is a private company and both Cinchcast and BlogTalkRadio are private companies. It's one company and it's private."

10. Upon information and belief, BTR and Cinchcast have and have had overlapping founders, management, employees, board members, inventors, advisors, patents, addresses, and simultaneously employ some of the same individuals, operating a common business enterprise while engaging in the acts and practices complained of below, and are therefore jointly liable for said acts and practices.

11. The true names and capacities, whether corporate, associate, individual or otherwise of Defendants DOES 1 through 20 inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. The Plaintiff upon information and belief alleges that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings set forth herein this Complaint, and is responsible in some manner for the injuries and damages sustained by the Plaintiff. Plaintiff will amend this Complaint to name such other Defendants and additional torts as soon as they are clearly identified through discovery or otherwise.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship) because the parties' citizenship is diverse.

13. Venue is proper in that the Plaintiff contacted BTR and Cinchcast's New York headquarters seeking relief for the damage against her that occurred inside and outside of New York. A substantial portion of the communications, transactions, events or omissions occurred in the State of New York, including but not limited to, written and telephonic communications in the State of New York prior to filing this complaint.

14. The Court has subject matter jurisdiction because H&H Report is broadcast inside and outside of New York State, BTR and Cinchcast are headquartered in New York, and the utterances were first stated, broadcast and transmitted in the State of New York.

15. Venue is proper because a defendant corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

16. Plaintiff has also asserted claims under New York State law, maintains a continuous and systematic activity, and transitory presence in the State of New York and contact with New York State, before, during and after this incident.

17. The Court has subject matter jurisdiction based on BTR's Terms of Use contract with Hagmann that states in part: "BTR shall be governed by the laws of the State of New York, without regard to its conflicts of laws principles." By contractual agreement Hagmann agreed and is bound by BTR's Terms of Use, created in New York State to be governed by New York State Laws pursuant to Civil Practice Law and Rules N.Y.C.P.L.R. § 3015 (a)(b).

18. This Court has general and personal jurisdiction over Defendants pursuant to Civil Practice Law and Rules N.Y.C.P.L.R. §§ § 301, 302(a)(3)(ii), 302(a)(1), long arm statutes, because BTR and Cinchcast, global, multinational corporations, are incorporated and headquartered in the State of New York. Venue is proper under CPLR § 503.

19. This Court has general and personal jurisdiction over Defendants pursuant to Civil Practice Law and Rules and because Defendants' BTR and Hagmann are contractually bound under BTR's Terms of Use, and Quayle is bound under New York State contract law.

20. Hagmann has conducted and conducts business in New York State, including, but not limited to as a multi-state licensed private investigator. On H&H Report Hagmann, and his co-host, his son Joe Hagmann, receive live on-air calls from listeners in the State of New York, and have conducted and conducts joint interviews with Quayle, and New York based guests.

21. Quayle reaches millions of radio listeners and readers, inside and outside of the State of New York, the United States and worldwide. Quayle has transacted or transacts interstate and international commerce for his precious metals, prepper, doomsday merchandise businesses, and book and film sales inside and outside of New York State.