IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARINKA PESCHMANN, | ) |
| | ) |
| Plaintiff | ) Case No. 1:17-cv-00259 (Erie) |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| STEPHEN QUAYLE, DOUGLAS | ) UNITED STATES MAGISTRATE JUDGE |
| HAGMANN, DOES 1-20, | ) |
| | ) |
| Defendants | ) ORDER ON DEFENDANTS' MOTIONS |
| | TO STRIKE [ECF NO. 114; ECF NO. 116] |

Presently before the Court are Motions to Strike filed by Defendant Stephen Quayle (ECF No. 114) and Defendant Douglas Hagmann (ECF No. 116). For the reasons that follow, the motions are **DENIED**.[1]

Federal Rule of Civil Procedure 12(f) provides, in pertinent part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The moving party bears the burden to show allegations should be stricken from a pleading. *Staro Asset Mgmt., LLC v. Soose*, 2005 WL 2179781, at *3 (W.D. Pa. Aug. 17, 2005). "'The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" *Landau v. Lamas*, 2018 WL 3126396, at *2 (M.D. Pa. June 26, 2018) (quoting *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F. Supp.2d 393, 402 (E.D. Pa. 2002)). "While courts possess considerable discretion in weighing Rule 12(f) motions, such motions are not favored and will generally be denied unless the material bears no possible relation to the matter at issue and may

---

[1] This case has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72.

1

result in prejudice to the moving party." *Miller v. Group Voyagers, Inc.*, 912 F. Supp. 164, 168 (E.D. Pa. 1996). "Motions to strike factual allegations will be denied when, although the averments state no independently actionable claim, they 'are so connected with the subject matter of the suit that it might be deemed to present a question of law or fact that the court ought to hear.'" *In re Westinghouse Sec. Litig.*, 1998 WL 119554, at *2 (W.D. Pa. Mar. 12, 1998) (quoting *River Rd. Dev. Corp. v. Carlson Corp.-Ne.*, 1990 WL 69085, at *1 (E.D. Pa. May 23, 1990)). Any doubts about the challenged material should be resolved in favor of the nonmovant. Spano v. Ohio Hospice and Palliative Care, 2019 WL 2613430, *2 (W.D. Pa. June 26, 2019) (citing 5C CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2019)).

Here, the Defendants ask that certain declarations attached to Plaintiff Marinka Peschmann's Response in Opposition to the Motions to Dismiss be struck from the record. Specifically, they identify declarations Barbara Frieseman (ECF No. 111-11), Mansoor Sharif (ECF No. 111-12), and Tracey Hill (ECF No. 111-13) as inappropriate. But Rule 12(f) applies only to pleadings, not motions or attachments thereto. *See, e.g., Independent Laboratory Employees' Union, Inc. v. ExxonMobil Research and Engineering Co.*, 2019 WL 3416897, *5 (D.N.J., June 29, 2019); *Watkins v. New Castle Cnty.*, 374 F. Supp. 2d 379, 294 (D. Del. 2005).

Pleadings are defined by Federal Rule of Civil Procedure 7 as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint . . . and a third-party answer . . . ." Fed. R. Civ. P. 7(a). A motion, such as Defendants' Motion to Dismiss or Peschmann's Response in Opposition, is not a pleading. Consequently, Rule 12(f) does not apply. *See Watkins*, 374 F.

Supp. 2d at 394 ("Rule 12(f) applies only to pleadings, not motions and related documents.") (citations omitted). Therefore, the Defendants' Motion to Strike is **DENIED**.

So ordered his 13th day of August, 2019.

RICHARD A. LANZILLO
United States Magistrate Judge