## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSLYVANIA

```
-------------------------------------------------------------x
                                          :
MARINKA PESCHMANN,                        :        Plaintiff's Opposition to
                                          :        Defendant Douglas
                        Plaintiff,        :        Hagmann's Motion for a
          v.                              :        Protective Order
                                          :
STEPHEN QUAYLE AND DOUGLAS                :        Case No.:17-cv-00259-SPB-RAL
                        HAGMANN           :
                                          :
                        Defendants.       :
                                          :
-------------------------------------------------------------x
```

### Plaintiff's Opposition to Defendant Douglas Hagmann's Motion for a Protective Order. Plaintiff Respectfully Requests this Court Order Defendants' Counsel to Comply with Pennsylvania Rules of Professional Conduct 204 Pa. Code § 1.6 and Rule 4.1.

Plaintiff Marinka Peschmann ("Plaintiff") hereby respectfully opposes Defendant Douglas

Hagmann's proposed Protective Order (Dkt. No. 178) as it is not necessary given she has not

disclosed Counsel Michael Agresti's ("Counsel Agresti") inadvertent disclosure, broken any rules,

and the Plaintiff has already confirmed with Counsel Agresti what he wanted her to confirm.

Moreover, for the most part, the content in Counsel Agresti's inadvertent disclosure was

already in Plaintiff's Second Amended Complaint (Dkt. No. 103, § SAC § 172-173, 269- 275, 460);

in her Opposition to Counsel's motions to dismiss (Dkt. No. 111, 112); and accompanied exhibits

(Dkt. No. 111-7, Exhibit 48, 111-9 § Exhibit 65). *See also,* Plaintiff's [second] opposition to

Defendants' [second] motion to dismiss exhibits (Dkt. No. 91-1 § Exhibit 72).  Thus, the majority of

what Counsel Agresti inadvertently disclosed was not new to her or to this Court or privileged.

In addition, Plaintiff has not used what was privileged in Counsel's Agresti's inadvertent

disclosure in her Second Discovery Requests to Defendant Hagmann as was proper, pursuant to

the rules; and as Counsel Agresti has confirmed to be true during Plaintiff's email exchanges him.

1

Defendant Stephen Quayle's Counsel Bruce S Rosen has been cc'd on all the emails.

Thus, Plaintiff requests that this Court review (i) Counsel Agresti's inadvertent disclosure as he has offered to provide to the Court; (ii) and Plaintiff's email exchanges with Counsel Agresti regarding this matter where she also confirmed what he asked her to confirm regarding his inadvertent disclosure. Plaintiff is not filing the emails with this Opposition in the event it would break confidentiality, but will submit them with the Court as directed.

As this Court will be able to see the issue here is not the Plaintiff, the problem is that Counsel Agresti has not complied with the Pennsylvania Rules Governing Conduct: Rule 4.1. Truthfulness in Statements to Others, which reads in part:

> In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person; or (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid aiding and abetting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

*Further, see also,* Pennsylvania Rules of Professional Conduct 204 Pa. Code § 1.6, which reads in part:

Rule 1.6 - Confidentiality of Information **(a)** A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).

**(b)** A lawyer shall reveal such information if necessary to comply with the duties stated in 3.3. **(c)** A lawyer may reveal such information to the extent that the lawyer reasonably believes necessary:

**(1)** to prevent reasonably certain death or substantial bodily harm;

**(2)** to prevent the client from committing a criminal act that the lawyer believes is likely to result in substantial injury to the financial interests or property of another;

**(3)** to prevent, mitigate or rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services are being or had been used;

**(4)** to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or to respond

2

to allegations in any proceeding concerning the lawyer's representation of the client.

Should the Court have any questions, Plaintiff requests a conference call with the Court and with Defendants Counsel to be able to answer them.

Lastly, as this case is one of many cases this honorable Court presides over, Plaintiff respectfully reminds the Court that the Defendants, and others like them, "news" has caught the attention of law enforcement, as the May 30, 2019, FBI Intelligence Bulletin from the FBI Phoenix Office verifies, see, (U//LES) Anti-Government, Identity Based, and Fringe Political Conspiracy Theories Very Likely Motivate Some Domestic Extremists to Commit Criminal, Sometimes Violent Activity, Dkt. No 166, p 13-27, Exhibit C. As such, Plaintiff also respectfully points Counsel to the crime-fraud exemption with respect to privilege.

WHEREFORE, Plaintiff hereby respectfully requests that this Court, deny Defendant Douglas Hagmann's unnecessary motion for a protective order, and enter an Order for Defendants Douglas Hagmann's and Stephen Quayle's Counsel Michael Agresti and Bruce S Rosen, separately, or collectively, to comply with the Pennsylvania Rules of Professional Conduct 204 Pa. Code § 1.6 and Rule 4.1, with respect to the crime-fraud exemption regarding privilege, and any other rules this honorable Court determines are applicable.

Attached herewith is a Proposed Order.

Respectfully submitted,

/s/ Marinka Peschmann
Marinka Peschmann,  Plaintiff *pro se,*
P.O. Box 45094 Port Credit
Mississauga, Ontario, L5G 4S7, Canada
Telephone: 646-929-4132,
Email: marinkapm@aol.com

## CERTIFICATION OF SERVICE

I hereby certify that on March 20, 2020 copies of the foregoing Opposition to Defendant Douglas Hagmann Motion for a Protective Order were filed in the Western District of Pennsylvania and served via ECF to the following counsel parties of record:

Representing Defendant Stephen Quayle

Bruce Steven Rosen
McCusker, Anselmi, Rosen, Carvelli, P.C.
805 Third Avenue, 12th Floor
New York, NY 10022
Phone: 212-308-0070
Email: BRosen@marc.law

Representing Defendant Stephen Quayle

Michael A. Agresti
Marsh Spaeder Baur Spaeder & Schaaf, LLP
300 State Street, Suite 300
Erie, PA 16507
Phone: (814) 455-2702
Email: MAgresti@marshlaw.com

/s/ Marinka Peschmann
Marinka Peschmann,
Plaintiff *pro se,*
P.O. Box 45094 Port Credit
Mississauga, Ontario, L5G 4S7, Canada
Telephone: 646-929-4132
Email: marinkapm@aol.com